**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Nikki J. Anderson,

Plaintiff,

vs.

Crossroads Capital Partners, LLC, Crossroads, Inc., Video Update, Inc., and James A. Skelton, an individual,

Defendants.

Civil No. 01-CV-2000 (ADM/SRN)

**STIPULATION AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED** by and between plaintiff Nikki J. Anderson ("plaintiff") and defendants Crossroads, LLC ("Crossroads") and Video Update, Inc. ("Video Update") and James A. Skelton ("Skelton") as follows:

1. In connection with discovery proceedings in this action, any information deemed by the party producing it to be confidential or proprietary in nature, including, without limitation, information contained in documents, things or objects, answers to interrogatories, deposition testimony, or any other form obtained during discovery in this action, may be designated as "Confidential" by the producing party and will be subject to the terms of this Stipulation and Protective Order. Such information may include material which contains or reflects confidential or proprietary information. (Hereinafter, such designated material is referred to as "Confidential Information.").

2. The designating party may designate any information or documents as Confidential Information by:

SEP 1 7 2002
FILED RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(a) imprinting the word "Confidential" on the first page or cover page of any document produced;

(b) imprinting the word "Confidential" next to or above any answer to an interrogatory;

(c) advising the court reporter that certain testimony is "Confidential" and is to be separately transcribed and marked accordingly; or

(d) informing all other counsel, in writing, that certain information is "Confidential" and is governed by this protective order.

3. Information designated as "Confidential" shall not be given, shown, made available, or communicated in any way to anyone other than:

(a) The parties' attorneys (including Defendants' in-house counsel) and their legal assistants and support staff;

(b) Plaintiff;

(c) Defendants' employees, officers, directors, agents and representatives involved in this litigation on behalf of defendants;

(d) The Court and its staff;

(e) Outside consultants and experts retained by the parties to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(f) Court reporters;

(g) Such other persons as the Court may specifically approve after notice and hearing;

(h) Such other persons as the parties may mutually agree to in writing; and

(i) Deponents during the course of a deposition, provided that counsel for the party proposing to use Confidential Information during a deposition provides written notice to counsel for the party who designated the information "Confidential," at least five days prior to the deposition.

4. Before disclosing Confidential Information to the parties or outside consultants and experts retained to assist in preparation for trial or settlement, counsel for the party proposing to make such a disclosure shall obtain from these individuals an agreement to be bound by the Stipulation and Protective Order in the form attached hereto. Counsel for the party who disclosed the Confidential Information shall retain the original of the agreement.

5. In the event that any party to this litigation disagrees with the propriety of another party's designation of information as "Confidential", the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.

6. This Stipulation and Protective Order applies to all discovery from third parties, provided that only a party to this action may make a designation of confidentiality.

Any such designation shall be authorized with respect to Confidential Information originating from, relating to, or otherwise involving a party to this lawsuit.

7. Any person to whom disclosure of Confidential Information is made pursuant to the terms and conditions contained herein shall not use or communicate Confidential Information for any purpose other than preparation for trial or settlement of this matter.

8. There shall be no reproduction of documents designated as Confidential Information except that, as required in the course of the litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Stipulation and Protective Order to receive the Confidential Information.

9. Confidential Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a protective order and shall be available for inspection only by the Court and by those persons authorized by this Order to receive Confidential Information.

10. If, at the time of trial, any party wants to use any Confidential Information, that party shall give timely notice of that intention to the Court and to the other parties, and the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

11. Within thirty (30) days after the final termination of this action, including all appeals, each attorney of record shall return the original and all copies of all documents that have been designated by an adverse party as Confidential under this Stipulation and Protective Order, including all summaries and excerpts. However, each

attorney of record may retain all materials properly classified as work product. Despite final termination of this action, this Stipulation and Protective Order shall continue to apply to all Confidential Information covered by it, including Confidential Information contained in attorney work product.

12. This Stipulation and Protective Order is without prejudice to any right of a party to make use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process is also contained in Confidential Information shall have no effect on a party's right to make use of such information.

13. Nothing in this Stipulation and Protective Order shall prevent any party from seeking a modification of this Order or objecting to discovery that it believes to be otherwise improper.

14. The obligations and responsibilities of the parties and the parties' counsel under this Protective Order shall continue in effect after the conclusion of the case.

15. Violations of this Stipulation and Protective Order shall be subject to the contempt powers of this Court and such other sanctions as the Court may deem appropriate.

Dated: Sept. 6, 2002

NICHOLS, KASTER & ANDERSON, PLLP

Jennifer A. Kitchak

James H. Kaster (#53946)
Jennifer Kitchak (#317056)

4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
(612) 338-1919

ATTORNEYS FOR PLAINTIFF NIKKI J. ANDERSON

Dated: Sept. 16, 2002

FAEGRE & BENSON LLP

Tina Lorleberg

Ronald J. Lee (#200505)
Tina L. Lorleberg (#286941)

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

ATTORNEYS FOR DEFENDANT
CROSSROADS, LLC

Dated: September 6, 2002

MASLON, EDELMAN, BORMAN & BRAND

Dawn C. Van Tassel

Justin H. Perl (#151397)
Dawn C. Van Tassel (#297525)

3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 672-8200

ATTORNEYS FOR DEFENDANT VIDEO UPDATE, INC.

Dated: September 11, 2002

HINSHAW & CULBERTSON

Thomas P. Kane (#53491)

Piper Jaffray Tower, Suite 3100
222 South Ninth Street
Minneapolis, MN 55402
(612) 333-3434

ATTORNEYS FOR DEFENDANT
JAMES A. SKELTON

M1:907473.02

**ORDER**

Based on the foregoing stipulation, **IT IS SO ORDERED**:

Dated: September 17, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

M1:907473.02

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Nikki J. Anderson,

Plaintiff,

vs.

Crossroads Capital Partners, LLC, Crossroads, Inc., Video Update, Inc., and James A. Skelton, an individual,

Defendants.

Civil No. 01-CV-2000 (ADM/SRN)

**AGEEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER**

---

STATE OF ________________ )
) SS.
COUNTY OF ______________ )

The undersigned, being first duly sworn on oath, deposes and states as follows:

1. I have read and understand the Stipulation and Protective Order filed in the above-captioned action and I agree to abide by, and be bound by, its terms.

2. I understand that I may be found in contempt of court if I violate this Agreement.

3. I consent to the exercise of personal jurisdiction over me by this Court for purposes of enforcing this Agreement and the Stipulation and Protective Order.

______________________________

Subscribed and sworn to before me
this _______ day of ____________, 2002.

______________________________
Notary Public
M1:907473.02

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.