**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Nikki J. Anderson,** **Civil No. 01-2000 (ADM/SRN)**

**Plaintiff,**

**v.** **ORDER**

**Crossroads Capital Partners, LLC,**
**Crossroads, Inc., Video Update, Inc.,**
**and James A. Skelton, an individual,**

**Defendants.**

---

Jennifer Kitchak, Esq., on behalf of Plaintiff

Ronald Lee, Esq., on behalf of Defendant Crossroads Capital

Thomas Kane, Esq., on behalf of Defendant Skelton

Dawn Van Tassel, Esq., on behalf of Defendant Video Update

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on December 17, 2002, on Defendant James A. Skelton's Motion to Compel Plaintiff's Execution of Authorization to Release Employment Records (Doc. No. 27). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Defendant Skelton seeks to compel the production of Plaintiff's employment records while she was employed at the University of Minnesota from 1980 to 1996. Defendant Skelton argues that during discovery he has learned that Plaintiff's credibility is quite suspect. Defendant Skelton argues that the University employment records are relevant and likely to lead to the



FILED DEC 18 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

discovery of admissible evidence for a variety of reasons. First, Defendant Skelton argues that the records may contain information leading to the location of Plaintiff's husband.[1] Second, Defendant Skelton argues that the records may contain information relevant to the location of her other relatives.[2] Third, Defendant Skelton argues that the records may contain prior complaints about discrimination or further demonstrate Plaintiff's lack of truthfulness.[3] Finally, Defendant Skelton argues that the records may provide tax information related to Plaintiff's wage claim.[4] Defendant Skelton argues that either Plaintiff must be forced to authorize the release of the documents, or this Court must order the release under the Minnesota Government Data Practices Act (MGDPA).

Plaintiff responds arguing that the inquiry into the records is too broad.

Since the University of Minnesota considers Plaintiff's employment records as being "not public" under the Minnesota Government Data Practices Act (MGDPA), this Court must engage in a balancing test in order to determine if the documents should be produced. Section 13.03 subd. 6 of the MGDPA provides:

> If a state agency, political subdivision, or statewide system opposes discovery of government data or release of data pursuant to court order on the

---

[1] Plaintiff has indicated that her husband is a potential witness, but Plaintiff's husband has left her and Plaintiff does not remember when he left or where he is.

[2] Defendant states that Plaintiff has indicated that she spoke with her sister about the lawsuit. When asked questions about her sister, however, Defendant states that Plaintiff does not know her sister's last name and only knows that her sister is in Arizona.

[3] Defendant alleges that there is evidence that Plaintiff made misrepresentations during her employment and in connection with completing tax documentation.

[4] Defendant alleges that Plaintiff has lied about her tax status and has not appropriately filed or documented her income.

> ground that the data are classified as not public, the party that seeks access to the data may bring before the appropriate presiding judicial officer, arbitrator, or administrative law judge an action to compel discovery or an action in the nature of an action to compel discovery.
>
> The presiding officer shall first decide whether the data are discoverable or releasable pursuant to the rules of evidence and of criminal, civil, or administrative procedure appropriate to the action.
>
> If the data are discoverable the presiding officer shall decide whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the agency maintaining the data, or of any person who has provided the data or who is the subject of the data, or to the privacy interest of an individual identified in the data. In making the decision, the presiding officer shall consider whether notice to the subject of the data is warranted and, if warranted, what type of notice must be given. The presiding officer may fashion and issue any protective orders necessary to assure proper handling of the data by the parties.

Thus, this Court must make a two-part analysis: "first, determining whether the data sought is discoverable, and then, if discoverable, balancing the benefit to the party seeking access against the harm to the confidentiality interests of those affected by discovery." Northern Inns Ltd. v. County of Beltrami, 524 N.W.2d 721, 722 (Minn. 1994).

Under the first prong, the records are discoverable under Federal Rule of Civil Procedure 26(b). "Relevancy," in the context of discovery under the Federal Rules of Civil Procedure, is broadly construed, e.g., Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 635 (D. Minn. 2000) ("The standard, therefore, is widely recognized as one that is necessarily broad in its scope . . . ."), and is a less exacting standard than the relevancy required for the admissibility of evidence at trial. E.g., Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Here, the records are relevant because they may provide additional evidence regarding wage loss and damages and further evidence bearing on Plaintiff's credibility–especially in light of the fact that it is alleged that Plaintiff has been untruthful in connection with certain aspects of employment in

and has provided some peculiar answers to certain questions. Moreover, the employment records may provide Defendant Skelton with information leading to the location of potential witnesses that Plaintiff can not provide; for instance, emergency contact information is commonly a part of an employment file.

Under the second prong, the benefit to Defendant Skelton outweighs any harm to the confidentiality interests of Plaintiff. Plaintiff has made no real argument that her confidentiality interests will be harmed. Rather, Plaintiff acknowledged at the hearing on this matter that in bringing a lawsuit she opens herself up to discovery. Accordingly, Plaintiff has offered little to tilt the balance, and, therefore, this Court finds that the benefit of potentially obtaining information bearing on the history of misrepresentations and information relating to missing witnesses outweighs whatever confidentiality concern Plaintiff might have. Finally, no argument has been made that the University of Minnesota's confidentiality interest will be harmed by the release of the records. In fact, Defendant has represented that the University has the records ready and is merely awaiting this Court's order.

This Court is, however, concerned with the need for obtaining employment records spanning from 1980 to 1996 for a lawsuit brought in 2001. Therefore, this Court will order the disclosure of Plaintiff's employment records at the University of Minnesota only from 1990 to 1996.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Defendant James A. Skelton's Motion to Compel Plaintiff's Execution of Authorization to Release Employment Records (Doc. No. 27) is as modified herein **GRANTED**. The University of Minnesota is Ordered to release the employment records of Nikki J. Anderson, Plaintiff herein, for the years 1990 through 1996.

Dated: December 17, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge