**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Nikki J. Anderson,

Plaintiff,

v.

Crossroads Capital Partners, L.L.C., Crossroads, Inc., Video Update, Inc., and James A. Skelton, an individual,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-2000 ADM/SRN

---

John A. Klassen, Esq., and Michael L. Puklich, Esq., Neaton, Puklich, & Klassen, Minnetonka, MN, on behalf of Plaintiff.

Justin H. Perl, Esq., James F. Hanneman, Esq., and Dawn C. Van Tassel, Esq., Maslon, Edelman, Borman & Brand, L.L.P., Minneapolis, MN, on behalf of Defendant Video Update, Inc.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Video Update, Inc.'s ("Video Update") Motion to Dismiss [Docket No. 113]. Video Update moves to dismiss Plaintiff Nikki J. Anderson's ("Anderson") assault and battery claim for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and additionally moves to amend its Answer [Docket No. 66]. Anderson contends that Video Update's Motion is actually one for summary judgment under Rule 56, and that summary judgment is improper because there are genuine issues of material fact. For the reasons explained below, Video Update's Motion is granted.

## II. BACKGROUND

Video Update employed Anderson as an executive assistant from approximately January 2000

until May 24, 2001, when her employment was terminated. Third Am. Compl. ¶¶ 7, 26. Anderson brought sexual harassment and whistleblower claims against Video Update and other defendants, including James Skelton ("Skelton"), the individual who allegedly committed the actual harassment and assault. Anderson also asserted a claim for assault and battery against Video Update under a respondeat superior theory. Video Update moved for summary judgment on July 2, 2003, and this Court granted Video Update's Summary Judgment Motion [Docket No. 73] on all claims except Anderson's charge of assault and battery. See Order of 2/10/04 [Docket No. 110]. Video Update now moves to dismiss itself as a defendant to this remaining claim.

**III. DISCUSSION**

Video Update moves to dismiss Anderson's assault and battery claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. It argues that the exclusive remedy provision in the Minnesota Workers' Compensation Act ("WCA") prohibits Anderson from bringing her assault and battery claim, and that this Court consequently lacks subject matter jurisdiction. Anderson contends that Skelton's position at Video Update implicates the intentional injury exception to the WCA, and that she can therefore bring common law claims against Video Update, her former employer.

A party may move to dismiss a claim if the court lacks subject matter jurisdiction, or if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). In considering motions to dismiss, courts construe the pleadings in the light most favorable to the non-moving party, and view the facts alleged in the complaint as true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). Courts must also draw all reasonable inferences in the non-moving party's favor.

See United States v. Stoltz, 327 F.3d 671, 674 (8th Cir. 2003). A claim should be dismissed only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted). Motions to dismiss for lack of subject matter jurisdiction may be raised at any time, and the court "shall dismiss the action" if it lacks jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The WCA provides the exclusive remedy for employees seeking compensation from employers due to workplace assaults, where the assault is somehow connected to their employment. See Minn. Stat. § 176.031; Klaahsen v. APCOA/Standard Parking, Inc., No. Civ. 02-620, 2002 WL 1397041, at *4-*6 (D. Minn. June 26, 2002); McGowan v. Our Savior's Lutheran Church, 527 N.W.2d 830, 833-834 (Minn. 1995). However, the WCA excludes coverage of injuries "caused by the act of a third person or fellow employee intended to injure the employee because of personal reasons, and not directed against the employee as an employee, or because of the employment." Minn. Stat. § 176.011, subd. 16. Minnesota case law has limited the exception to assaults that are "wholly unconnected" with the plaintiff's employment. McGowan, 527 N.W.2d. at 833-34. Additionally, employers who assault employees may face common law liability under the intentional injury exception to the WCA. See Gunderson v. Harrington, 632 N.W.2d 695, 702-03 (Minn. 2001). The exception, which applies only to employers, allows the injured employee to assert a tort claim against her employer if the employer exhibited a "conscious and deliberate intent to inflict injury" in assaulting the employee. Id. at 703. Corporate employers cannot be held vicariously liable under this exception, as "[a] corporate entity is by its nature incapable of harboring [a malicious or deliberate intent]." Parker v. Tharp, 409 N.W.2d

915, 918 (Minn. Ct. App. 1987).

In this case, Anderson has not shown that she qualifies for either the personal assault or the intentional injury exception to the WCA. First, Anderson does not contest that the assault was related to her employment, as the incidents all allegedly occurred while she was working, either in the office or in the car when she drove Skelton to the airport and to meetings. Consequently, Anderson cannot claim that the assaults were "wholly unconnected" to her work, even construing all inferences in her favor and viewing the facts alleged in her Complaint as true. See McGowan, 527 N.W.2d at 833-34. Second, Anderson has not proven that her employer, Video Update, consciously and deliberately intended to injure her, as required by the intentional injury exception. While Anderson claims that Skelton was "the human manifestation of Video Update," Anderson has stipulated that Crossroads, Inc., and not Video Update, actually employed Skelton. See Stipulation of Facts at 2. Even assuming that Skelton became Video Update's employee under the borrowed servant doctrine, the case law is silent about whether the intentional injury exception applies in this context. Further, Minnesota courts have never applied this rare exception to a corporate entity, but have granted the exception only against individual tortfeasors. See Boek v. Wong Hing, 231 N.W. 233, 234 (Minn. 1930).

Because neither the personal assault nor intentional injury exceptions apply to Anderson's assault claim against Video Update, the WCA provides her sole remedy.[1] Consequently, this Court lacks subject matter jurisdiction over Anderson's assault and battery claim against Video Update and

[1] As the Court reaches this conclusion based on the factual allegations in the Third Amended Complaint, it need not convert Video Update's Motion to one for summary judgment, but rather can analyze it as a Rule 12 motion.

the claim is dismissed.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Video Update's Motion to Dismiss [Docket No. 113] is **GRANTED**,

2. Plaintiff Nikki Anderson's assault and battery claim against Video Update contained in her Third Amended Complaint [Docket No. 65] is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 10, 2004.